FILED
IN CLERKS OFFICE

**M|P   MELICK & PORTER**   2022 NOV 22  AM 10: 30

Mark S. Bodner
617-502-9621
Facsimile: (617) 523-8130
mbodner@melicklaw.com

U.S. DISTRICT COURT
DISTRICT OF MASS.

November 21, 2022

ROBERT P. POWERS
JOHN F. ROONEY, III *(CT, DC, NH, NY, PA)
WILLIAM D. CHAPMAN
MICHAEL J. MAZURCZAK *(NY & WI)
WILLIAM L. KEVILLE, JR.
RICHARD E. HEIDTZ *(NH)
ROBERT T. TREAT
MICHAEL R. BYRNE
MARK S. BODNER *(NH)
WILLIAM P. ROSE
JAMES T. SCAMBY *(PA & NH)
HOLLY G. ROGERS (CT & NY)
ROBERT W. HEALY *(NH)
T. DOS URBANSKI *(RI)
SHANNON MCQUEENEY DOHERTY *(NY)
CHRISTOPHER D. GEORGE
BRIAN C. DAVIS
CAROLYN M. MILLER
SYD A. SALOMAN *(RI)
CHRISTIAN H. HINRICHSEN *(ME, NH, RI)
MATTHEW D. DiMARIO *(RI)
CHRISTOPHER VAN TIENHOVEN *(RI & CT)
RENE M. PICKETT *(RI)
SHANNON M. O'NEIL *(RI)
LAUREN S. FACKLER *(NH, NY & VT)
STEVEN M. BANKS (CT & NY)
VICTORIA M. RANIERI
JACQUELINE A. CROCKWELL *(RI, CT, NH & VT)
ALEXANDER W. AHRENS (CT)
JONATHAN L. KONANDREAS (CT)
LAUREN K. CAMIRE
LAURA C. ROCHE
JOHN N. YOKOW
MICHAEL C. GRENIER
PARKER L. WILLIAMS *(DC)
KURT A. ROCHA*(RI & CT)
CHRISTOPHER A. COSTAS *(CT)
NICHOLAS M. LYSE
STEPHANIE B. HENDRICK *(FL)
SOPHIA P. BREENE *(NH)
MALIK FAIYI MUHAMMAD *(NY)
CASEY C. MILLER (CT)
ALEXANDRA J.L. ROMANO (NY)
MICHAEL W. STEINBERG (CT)
SAMANTHA J. SPICER (CT&NY)
ALEXANDRA D. BURROUGHS *(NH)
THOMAS C. DONOVAN

OF COUNSEL
DOUGLAS L. FOX *(FL)
ERIN J M. ALARCON *(NH)
JENNIFER A. SUNDERLAND
JOHN A. SAKAREENY

*ALSO ADMITTED

ONE LIBERTY SQUARE
BOSTON, MA 02109
(617) 523-6200
FAX (617) 523-8130

WORCESTER COUNTY
2 PARK CENTRAL DRIVE, SUITE 120
SOUTHBOROUGH, MA 01772
(508) 452-2020
FAX (508) 452-2021

ONE RICHMOND SQUARE
PROVIDENCE, RI 02906
(401) 941-0909
FAX (401) 941-6269

750 MAIN STREET, SUITE 100
HARTFORD, CT 06103
(203) 769-3111
FAX (203) 721-8532

900 MAIN STREET SOUTH
SOUTHBURY, CT 06488
(203) 596-0500
FAX (203) 721-8532

40 MAIN STREET
BIDDEFORD, ME 04005
(207) 517-4111
FAX (207) 835-4980

195 ELM STREET
MANCHESTER, NH 03101
(603) 627-0010
FAX (603) 627-0460

11 BROADWAY, SUITE 615
NEW YORK, NY 10004
(212) 541-7236
FAX (212) 840-8560

MELICKLAW.COM

Clerk's Office
United States District Court
For the District of Massachusetts
1 Courthouse Way
Boston, MA 02210

Re:   *Baraa Fadel, et al v. G4S Secure Solutions (USA) Inc., et al*
       *Civil Action No.: 1:22-cv-11827-FDS*

Dear Sir/Madam:

Enclosed please find Certified Copies of documents that were filed in Suffolk Superior Court in the matter of Baraa Fadel, et al v. G4S Secure Solutions (USA) Inc., et al, Civil Action No.: 2284-CV-02228 which is now in the U.S. District Court for the District of Massachusetts under the above-noted Civil Action No. Should you have any questions or need any additional information, please contact myself or my Legal Assistant Sonia Ayala at 617-502-9698.

Thank you.

Very truly yours,

*Mark S. Bodner*

Mark S. Bodner

MSB/SA
Enclosures

**2284CV02228 Fadel, Baraa et al vs. G4s Secure Solutions ((usa), Inc. et al**

| | |
|---|---|
| **CASE TYPE:** Contract / Business Cases | **FILE DATE:** 09/28/2022 |
| **ACTION CODE:** A04 | **CASE TRACK:** F - Fast Track |
| **DESCRIPTION:** Employment Contract | |
| **CASE DISPOSITION DATE:** 11/01/2022 | **CASE STATUS:** Closed |
| **CASE DISPOSITION:** Transferred to another Court | **STATUS DATE:** 11/01/2022 |
| **CASE JUDGE:** | **CASE SESSION:** Civil A |

| PARTIES |
|---|

**Plaintiff**
Aitelhadj, Hakima
220 Colonel Bell Drive
Brockton, MA 02301

**Attorney**                                    682515
Alan Meyerson
Law Office of Alan David Meyerson
Law Office of Alan David Meyerson
100 State St Suite 900
Boston, MA 02109
Work Phone (617) 444-9525
Added Date: 09/28/2022

**Plaintiff**
Coleman, Karon
47 West Elm Street
Brockton, MA 02301

**Attorney**                                    682515
Alan Meyerson
Law Office of Alan David Meyerson
Law Office of Alan David Meyerson
100 State St Suite 900
Boston, MA 02109
Work Phone (617) 444-9525
Added Date: 09/28/2022

**Plaintiff**
Fadel, Baraa
1220 Adams Street
Unit 219
Boston, MA 02124

**Attorney**                                    682515
Alan Meyerson
Law Office of Alan David Meyerson
Law Office of Alan David Meyerson
100 State St Suite 900
Boston, MA 02109
Work Phone (617) 444-9525
Added Date: 09/28/2022

**Plaintiff**
Greene, Matthew
61 Clarendon Street
Unit 4
Boston, MA 02116

**Attorney**                                    682515
Alan Meyerson
Law Office of Alan David Meyerson
Law Office of Alan David Meyerson
100 State St Suite 900
Boston, MA 02109
Work Phone (617) 444-9525
Added Date: 09/28/2022

COMMONWEALTH OF MASSACHUSETTS
SUFFOLK COUNTY CIVIL
Docket Report

| Plaintiff | Attorney | 682515 |
|---|---|---|
| Mcgunigle, Joseph<br>45 Post Island Road<br>Quincy, MA 02169 | Alan Meyerson<br>Law Office of Alan David Meyerson<br>Law Office of Alan David Meyerson<br>100 State St Suite 900<br>Boston, MA 02109<br>Work Phone (617) 444-9525<br>Added Date: 09/28/2022 | |
| **Defendant**<br>Allied Universal Security Services | | |
| **Defendant**<br>G4s Secure Solutions ((usa), Inc.<br>1395 University Boulevard<br>Jupiter, FL 33458 | **Attorney**<br>Mark S Bodner<br>Melick and Porter, LLP<br>Melick and Porter, LLP<br>One Liberty Square 7th Floor<br>Floor 7<br>Boston, MA 02109<br>Work Phone (617) 523-6200<br>Added Date: 10/20/2022 | 546005 |
| **Defendant**<br>Universal Protection Services, Llc | **Attorney**<br>Mark S Bodner<br>Melick and Porter, LLP<br>Melick and Porter, LLP<br>One Liberty Square 7th Floor<br>Floor 7<br>Boston, MA 02109<br>Work Phone (617) 523-6200<br>Added Date: 10/20/2022 | 546005 |

| FINANCIAL DETAILS | | | | | |
|---|---|---|---|---|---|
| **Date** | **Fees/Fines/Costs/Charge** | **Assessed** | **Paid** | **Dismissed** | **Balance** |
| 09/28/2022 | Civil Filing Fee (per Plaintiff) Receipt: 37092 Date: 09/28/2022 | 240.00 | 240.00 | 0.00 | 0.00 |
| 09/28/2022 | Civil Security Fee (G.L. c. 262, § 4A) Receipt: 37092 Date: 09/28/2022 | 20.00 | 20.00 | 0.00 | 0.00 |
| 09/28/2022 | Civil Surcharge (G.L. c. 262, § 4C) Receipt: 37092 Date: 09/28/2022 | 15.00 | 15.00 | 0.00 | 0.00 |
| 09/28/2022 | Civil Filing Fee (per Plaintiff) Receipt: 37092 Date: 09/28/2022 | 960.00 | 960.00 | 0.00 | 0.00 |
| | **Total** | **1,235.00** | **1,235.00** | **0.00** | **0.00** |



**SUFFOLK COUNTY CIVIL**
**Docket Report**

| | | INFORMATIONAL DOCKET ENTRIES | |
|---|---|---|---|
| **Date** | **Ref** | **Description** | **Judge** |
| 09/28/2022 | 1 | Complaint electronically filed. | |
| 09/28/2022 | 2 | Civil action cover sheet filed. | |
| 09/28/2022 | 3 | Plaintiff Baraa Fadel's Motion to appt spec process server | |
| 09/28/2022 | | Case assigned to: DCM Track F - Fast Track was added on 09/28/2022 | |
| 09/28/2022 | | EDocument sent: A Tracking Order was generated and sent to: Plaintiff, Attorney: Alan Meyerson, Esq. alan@alandavidmeyerson.com | |
| 09/29/2022 | | Endorsement on Motion to Appoint Special Process Server (#3.0): ALLOWED Allowed. (9/29/22) (Notice sent 10/3/22) | Rayburn |
| 10/20/2022 | 4 | Defendants G4s Secure Solutions ((usa), Inc., Universal Protection Services, Llc's Notice of Filing<br><br>(US Dist.# 22-cv-11827-FDS) | |
| 10/20/2022 | | Attorney appearance On this date Mark S Bodner, Esq. added for Defendant G4s Secure Solutions ((usa), Inc. | |
| 10/20/2022 | | Attorney appearance On this date Mark S Bodner, Esq. added for Defendant Universal Protection Services, Llc | |
| 11/01/2022 | | REMOVED to the U.S. District Court of Massachusetts | |
| 11/01/2022 | | Case transferred to another court. | |

I HEREBY ATTEST AND CERTIFY ON
**Nov. 2, 2022** , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____

**Assistant Clerk**

# COMMONWEALTH OF MASSACHUSETTS

**SUFFOLK, ss.**

Superior Court Department
Civil Action No. _____

|  |  |
|---|---|
| BARAA FADEL, HAKIMA AITELHADJ, ) <br> KARON COLEMAN, MATTHEW GREENE, ) <br> and JOSEPH MCGUNIGLE ) <br> on behalf of themselves and ) <br> others similarly situated, ) <br>  ) <br> Plaintiffs, ) <br>  ) <br> v. ) <br>  ) <br> G4S SECURE SOLUTIONS (USA), INC., ) <br> UNIVERSAL PROTECTION SERVICES, LLC, ) <br> and ) <br> ALLIED UNIVERSAL SECURITY SERVICES, ) <br> LLC, ) <br>  ) <br> Defendants. ) |  <br><br><br><br><br><br><br><br> **JURY DEMANDED** |

## CLASS ACTION COMPLAINT AND JURY DEMAND

## I.      INTRODUCTION

1.      This action is brought by Baraa Fadel, Hakima Aitelhadj, KaRon Coleman, Matthew Greene, and Joseph McGunigle on behalf of themselves and all other security officers who have worked for Defendant G4S Security Solutions (USA), Inc., Defendant Universal Protection Services, LLC, or Defendant Allied Universal Security Services at the General Electric Company's headquarters in Boston, Massachusetts. As described below, the Defendants have violated Massachusetts wage laws by failing to pay officers

1

for all hours worked and by failing to pay time-and-a-half for hours worked in excess of forty per week.

2.    Plaintiffs seek recovery of wages they have not received to which they are entitled and time-and-a-half for overtime wages. Plaintiffs also seek statutory trebling of damages, interest, attorneys' fees, and costs, and any other relief that this Court deems proper, all as provided for by law.

II.    **PARTIES**

3.    Plaintiff Baraa Fadel is an adult resident of Boston, Massachusetts. He was employed by Defendant G4S from approximately June 2016 to approximately May 2021. He worked as a security officer guarding General Electric headquarters in Boston for Defendant G4S during his period of employment, eventually being promoted to the position of lead security officer.

4.    Plaintiff Hakima Aitelhadj is an adult resident of Brockton, Massachusetts. She was employed by Defendant G4S from approximately November 2016 to approximately June 2020 and worked as a security officer guarding General Electric headquarters in Boston for Defendant G4S during her period of employment.

5.    Plaintiff KaRon Coleman is an adult resident of Brockton, Massachusetts. He was employed by Defendants G4S and Allied Universal Security Services from approximately October 2015 to approximately April 2021 and worked as a security officer guarding General Electric headquarters in Boston for Defendants during his period of employment.

6.      Plaintiff Matthew Greene is an adult resident of Boston, Massachusetts. He was employed by Defendants G4S and Allied Universal Security Services from approximately October 2019 to approximately October 2021 and worked as a security officer guarding General Electric headquarters in Boston for Defendants during his period of employment.

7.      Plaintiff Joseph McGunigle is an adult resident of Quincy, Massachusetts. He has been employed by Defendants G4S, Universal Protection Services, and Allied Universal Security Services since approximately November 2015 and has worked as a security officer guarding General Electric headquarters in Boston for Defendants during his period of employment.

8.      The above-named Plaintiffs bring this action on behalf of themselves and all others similarly situated, namely all other individuals who have worked in Massachusetts as security officers for the Defendants and have not received all wages to which they are entitled, as described below. The proposed class meets the requirements for class certification in M.G.L. c. 149, § 150, M.G.L. c. 151, § 1B, and/or Mass. R. Civ. P. 23.

9.      Defendant G4S Secure Solutions (USA) is a foreign corporation that did business in Massachusetts, including in Boston, Massachusetts.

10.      Defendant Universal Protection Services, LLC is a foreign limited liability company that does business in Massachusetts, including in Boston, Massachusetts.

3

11.     Defendant Allied Universal Security Services, LLC is a foreign limited liability company that does business in Massachusetts, including in Boston, Massachusetts and acquired Defendant G4S in approximately spring 2021.

## III.   JURISDICTION AND VENUE

12.     The Superior Court has jurisdiction over this action pursuant to M.G.L. c. 212, § 3 because this is a civil action for money damages where there is no reasonable likelihood that the plaintiffs will recover an amount less than or equal to $50,000.

13.     Venue is proper in Suffolk County pursuant to M.G.L. c. 223, § 1, because Plaintiffs Fadel and Greene reside in Suffolk County. Further, Defendants Allied Universal and Universal Protection Services maintain a usual place of business in Suffolk County.

## IV.   FACTS

14.     Defendant G4S Security Solutions (USA), Inc. is a company that employed security officers to guard commercial properties throughout Massachusetts, including the General Electric Company's headquarters.

15.     Defendant Allied Universal is a company that acquired Defendant G4S in approximately spring 2021 and took over its operations, employing security officers to guard commercial properties throughout Massachusetts, including the General Electric Company's headquarters.

16.     Defendant Universal Protection Services, LLC is a company that employs security officers to guard commercial properties throughout Massachusetts, including the General Electric Company's headquarters.

4

17.     Defendants Allied Universal and Universal Protection Services pay officers employed at the General Electric headquarters site an hourly rate but do not pay for all hours worked.

18.     For example, Defendants Allied Universal and Universal Protection Services have a policy and practice of requiring officers to report at least approximately ten minutes before the start of their shift and to work during this time, but Defendants do not compensate the officers for this time.

19.     During this uncompensated time, officers are required to be at the work site performing work, including but not limited to debriefing officers who they are relieving, checking the work site, and performing general duties to begin their shifts.

20.     In addition, Defendants Allied Universal and Universal Protection Services have had a practice of requiring certain officers to participate in weekly telephone conferences of up to approximately one hour to update higher management on personnel issues and other matters, but Defendants do not compensate those officers for this time.

21.     Defendants Allied Universal and Universal Protection Services have also had a practice of requiring and/or permitting officers to arrive early to the General Electric headquarters site and/or to stay late after each shift and perform work as well as to perform additional off-the-clock work such as responding to emails, but Defendant does not compensate the officers for this time.

22.     Under Massachusetts Law, "working time" includes, among other things, "all time during which an employee is required to be on the employer's premises or to

5

Date Filed 9/28/2022 10:37 AM
Superior Court - Suffolk
Docket Number .

Case 1:22-cv-11827-FDS    Document 17    Filed 11/22/22    Page 10 of 39

be on duty, or to be at the prescribed work site or at any other location, and any time

worked before or after the end of the normal shift to complete the work." 454 CMR

27.02.

      23.    Defendants Allied Universal and Universal Protection Services pay time-

and-a-half to officers for hours worked over forty.

      24.    However, because Defendants Allied Universal and Universal Protection

Services do not pay for all hours worked, their practice results in unpaid wages at time-

and-a-half in weeks during which the officers work more than forty hours.

      25.    The officers are therefore owed unpaid wages for these hours at the

overtime rate.

      26.    Prior to its acquisition by Allied Universal, Defendant G4S had the same

policies and practices described in Paragraphs 17 through 25.

      27.    As a result of Defendants' policies and practices, Plaintiffs and other

officers employed by the Defendants have been deprived of wages and overtime wages

due to them.

## V.    CLASS ALLEGATIONS

      28.    Plaintiffs Baraa Fadel, Hakima Aitelhadj, KaRon Coleman, Matthew

Greene, and Joseph McGunigle bring the class claims in this action on behalf of

themselves and all others similarly situated pursuant to M.G.L. c. 149, §§ 148 and 150;

M.G.L. c. 151, §§ 1B and 20; and Massachusetts Rule of Civil Procedure 23. They seek to

represent all individuals who have worked for either Defendant as security officers at

the General Electric Company headquarters site in Massachusetts during the statutory

period applicable to this action and who have been subject to the practices set forth herein.

29.     Joinder of the putative class members is impracticable due to the size and composition of the class, the nature of the claims and relief sought, the remedial purpose of the underlying claims, and because individual joinder would be inefficient, uneconomical, and could result in the deprivation of substantive wage rights to aggrieved employees.

30.     There are issues of law and fact common to all the proposed class members because Defendants' compensation policy has adversely affected all the proposed class members in similar fashion. The common questions of law and fact predominate over any questions affecting individual class members because the case coheres around a common challenge to a common compensation policy. The predominant questions of law and fact are well-defined and applicable to Plaintiffs Baraa Fadel, Hakima Aitelhadj, KaRon Coleman, Matthew Greene, Matthew Greene, Joseph McGunigle, and the absent class members.

31.     The claims of Plaintiffs Baraa Fadel, Hakima Aitelhadj, KaRon Coleman, Matthew Greene, and Joseph McGunigle are typical of the claims of the putative class because all members of the putative class were subject to the same unlawful practices and suffered similar harms, for which they are owed similar relief.

32.     Plaintiffs Baraa Fadel, Hakima Aitelhadj, KaRon Coleman, Matthew Greene, and Joseph McGunigle will adequately represent the interests of the putative class because they do not have a conflict of interest with the class members. The

Date Filed 9/28/2022 10:37 AM
Superior Court - Suffolk
Docket Number .

Case 1:22-cv-11827-FDS    Document 17    Filed 11/22/22    Page 12 of 39

undersigned counsel will adequately represent the class members' interests because they have substantial experience in this field, and their interests in representing the class do not conflict with those of the proposed class.

33.    A class action is superior in this case for several reasons including, but not limited to: the case challenges a common compensation policy; the amounts owed to individual employees may not be substantial enough to justify individual lawsuits; many employees may be reluctant to bring claims individually for fear of retaliation; some class members may not have the resources to bring their claims individually; and it would be an inefficient use of judicial resources to require each employee affected by the practices challenged herein to bring his or her own individual claim.

**FILING WITH THE OFFICE OF THE ATTORNEY GENERAL**

34.    Named Plaintiffs Baraa Fadel, Hakima Aitelhadj, KaRon Coleman, Matthew Greene, and Joseph McGunigle have each filed Non-Payment of Wages Complaints with the Fair Labor Division of the Office of the Attorney General and have received Private Right of Action letters from the Office of the Attorney General.

**COUNT I**
**UNPAID WAGES**

Defendants G4S's, Universal Protection Services', and Allied Universal's conduct in failing to pay officers for all hours worked and in failing to pay time-and-a-half for overtime hours, as set forth above, violates Mass. Gen. L. c. 149, § 148. This claim is brought pursuant to Mass. Gen. L. c. 149, § 150.

**COUNT II**
**OVERTIME**

8

Defendants G4S's, Universal Protection Services', Allied Universal's conduct in failing to pay officers time-and-a-half for unpaid hours worked in excess of forty per week, as set forth above, violates M.G.L. c. 151, § 1A. This claim is brought pursuant to M.G.L. c. 151, § 1B.

## JURY DEMAND

Named Plaintiffs Baraa Fadel, Hakima Aitelhadj, KaRon Coleman, Matthew Greene, and Joseph McGunigle hereby demand a trial by jury on all their claims.

WHEREFORE, Plaintiffs respectfully request that this Court enter the following relief:

I.      Certification of a class of similarly situated individuals pursuant to Massachusetts Rule of Civil Procedure 23;

II.      Restitution for all unpaid wages that are due to the named Plaintiffs and all similarly situated employees, going back to at least August 2, 2019 (three years before Plaintiff Baraa Fadel filed his initial wage complaint with the Massachusetts Attorney General's office);

III.      Restitution for all hours worked in excess of 40 per week during the period of the violations described herein;

IV.      Restitution for all other unpaid and/or untimely paid wages and other benefits;

V.      Other damages incurred;

VI.      Statutory trebling;

9

VII.        Interest;

VIII.       Attorneys' fees and costs;

IX.         Pre- and post-judgment interest; and

X.          All other relief to which Named Plaintiffs Baraa Fadel, Hakima

Aitelhadj, KaRon Coleman, Matthew Greene, Joseph McGunigle, and the

putative class members may be entitled.

                            Respectfully submitted,

                            BARAA FADEL, HAKIMA AITELHADJ,
                            KARON COLEMAN, MATTHEW GREENE,
                            and JOSEPH MCGUNIGLE on behalf of
                            themselves and all individuals similarly
                            situated,

                            By their attorneys,

                            /s/Alan D. Meyerson
                            Hillary Schwab, BBO #666029
                            Osvaldo Vazquez, Petition for Admission to
                            Massachusetts Bar Pending
                            FAIR WORK, P.C.
                            192 South Street, Suite 450
                            Boston, MA 02111
                            (617) 607-3260
                            www.fairworklaw.com
                            Email: hillary@fairworklaw.com
                            oz@fairworklaw.com

                            Alan D. Meyerson, BBO #682515
                            LAW OFFICE OF ALAN DAVID MEYERSON
                            100 State Street, Suite 900
                            Boston, MA
                            (617) 444-9525
                            Email: alan@alandavidmeyerson.com

Dated: September 28, 2022

I HEREBY ATTEST AND CERTIFY ON
Nov. 2, 2022, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:
Assistant Clerk

Date Filed 9/28/2022 10:37 AM
Superior Court - Suffolk
Docket Number

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY OF SUFFOLK | DOCKET NO. 22·2228 |
|---|---|---|

| PLAINTIFF(S) Baraa Fadel, et al. on behalf of themselves and others similarly situated | DEFENDANT(S) G4S Secure Solutions (USA), Inc., Universal Protection Services, LLC, and Allied Universal Security Services, |
|---|---|

| Plaintiff Atty | Hillary Schwab, Esq. | | Type Defendant's Attorney Name | |
|---|---|---|---|---|
| Address | Fair Work, P.C., 192 South St., Suite 450 | | Defendant Atty | |
| City | Boston | State MA Zip Code 02111 | Address | |
| Tel. | +1 (617) 607-3261 | BBO# 666,029 | City | State Zip Code |

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) TRACK | IS THIS A JURY CASE? |
|---|---|---|
| A99 Other (specify ) - Fast Track | | ( ) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages.  For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A.  Documented medical expenses to date:
1.  Total hospital expenses                                    $_____
2.  Total doctor expenses                                      $_____
3.  Total chiropractic expenses                                $_____
4.  Total physical therapy expenses                           $_____
5.  Total other expenses (describe)                           $_____
                                                    Subtotal  $_____
B.  Documented lost wages and compensation to date             $_____
C.  Documented property damages to date                        $_____
D.  Reasonably anticipated future medical expenses             $_____
E.  Reasonably anticipated lost wages and compensation to date $_____
F.  Other documented items of damages (describe)               $_____

G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)


                                                    Total $_____

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

|  | TOTAL | $............. |
|---|---|---|

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods.●
Signature of Attorney of Record          /s/ Hillary Schwab          Date:   September 28, 2022
A.O.S.C. 3-2007

I HEREBY ATTEST AND CERTIFY ON
**Nov. 2, 2022** THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
        **Assistant Clerk**

NOTIFY 3

# COMMONWEALTH OF MASSACHUSETTS

**SUFFOLK, ss.**

Superior Court Department
Civil Action No. 22-2228A

|  |  |  |
|---|---|---|
| BARAA FADEL, HAKIMA AITELHADJ, | ) | Notice sent (2) |
| KARON COLEMAN, MATTHEW GREENE, | ) | 10/03/2022 |
| and JOSEPH MCGUNIGLE | ) |  |
| on behalf of themselves and | ) | (sc) |
| others similarly situated, | ) |  |
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) |  |
| v. | ) | **JURY DEMANDED** |
|  | ) |  |
| G4S SECURE SOLUTIONS (USA), INC., | ) |  |
| UNIVERSAL PROTECTION SERVICES, LLC, | ) |  |
| and | ) |  |
| ALLIED UNIVERSAL SECURITY SERVICES, | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

## Motion to Appoint Special Process Server

Pursuant to Mass. R. Civ. P. 4(c), the Named Plaintiffs Baraa Fadel, Hakima

Aitelhadj, KaRon Coleman, Matthew Greene, and Joseph McGunigle, hereby

respectfully moves this Honorable Court to appoint Robert Sweeney of Constable

Services, Cambridge, MA as a special process server in this action. Mr. Sweeney is a

disinterested person to this action.

Respectfully submitted,

BARAA FADEL, HAKIMA AITELHADJ,
KARON COLEMAN, MATTHEW GREENE,
and JOSEPH MCGUNIGLE on behalf of

ALLOWED BY THE COURT
9/29/22
Rayburn J.

ATTEST:

Assistant Clerk

themselves and all individuals similarly
situated,

By their attorneys,

/s/Alan D. Meyerson
Hillary Schwab, BBO #666029
Osvaldo Vazquez, Petition for Admission to
Massachusetts Bar Pending
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
(617) 607-3260
www.fairworklaw.com
Email: hillary@fairworklaw.com
oz@fairworklaw.com

Alan D. Meyerson, BBO #682515
LAW OFFICE OF ALAN DAVID MEYERSON
100 State Street, Suite 900
Boston, MA
(617) 444-9525
Email: alan@alandavidmeyerson.com

I HEREBY ATTEST AND CERTIFY ON
__Nov. 3, 2022__ . THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COU

BY:
Assistant Clerk

Dated: September 28, 2022



## COMMONWEALTH OF MASSACHUSETTS
## SUPERIOR COURT DEPARRTMENT

**SUFFOLK, ss.**

| | |
|---|---|
| BARAA FADEL, HAKIMA AITELHADJ, KARON COLEMAN, MATTHEW GREENE, and JOSEPH MCGUNIGLE on behalf of themselves and others similarly situated, | Civil Action No. 2284-CV-02228. |
| Plaintiffs, | *U.S. Dist. # 22-cv-11827FD* |
| v. | |
| G4S SECURE SOLUTIONS (USA) INC., UNIVERSAL PROTECTION SERVICES, LLC, and ALLIED UNIVERSAL SECURITY SERVICES, LLC, | |
| Defendant. | |

## <u>NOTICE OF FILING NOTICE OF REMOVAL TO FEDERAL COURT</u>

**PLEASE TAKE NOTICE THAT** on October 19, 2022, Defendants G4S Secure

Solutions (USA) Inc. and Universal Protection Service, LLC d/b/a Allied Universal[1] in the above-

captioned action removed this action to the United States District Court for the District of

Massachusetts, by filing a Notice of Removal in that Court. A copy of the Notice of Removal is

attached as **Exhibit A**. Accordingly, and consistent with 28 U.S.C. § 1446(d), this Court may

proceed no further unless and until the case is remanded.

Dated: October 19, 2022

---

[1] Incorrectly named in the Complaint as separate entities Universal Protection Services, LLC and Allied Universal Security Services, LLC.

Respectfully submitted,

*/s/ Mark S. Bodner*

**MELICK & PORTER, LLP**
Mark S. Bodner
One Liberty Square
Boston, MA 02109
mbodner@melicklaw.com
617-525-6200

-and-

**MARTENSON, HASBROUCK & SIMON LLP**

Robin E. Largent
*Pro Hac Vice Forthcoming*
455 Capitol Mall
Suite 400
Sacramento, California 95814
916-970-1430

Kelly Eisenlohr-Moul
*Pro Hac Vice Forthcoming*
2573 Apple Valley Road NE
Atlanta, Georgia 30319
keisenlohr-moul@martensonlaw.com
231-301-1249

Devin S. Cohen
*Pro Hac Vice Forthcoming*
40 Exchange Place, Suite 1502
New York, NY 10005
dcohen@martensonlaw.com
332-345-2471

*Counsel for Defendants G4S Secure Solutions (USA) Inc. and Universal Protection Service, LLC d/b/a Allied Universal*

I HEREBY ATTEST AND CERTIFY ON
**Nov. 3, 2022** , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY:
**Assistant Clerk**

## CERTIFICATE OF SERVICE

I certify that on October 19, 2022, a true copy of the above document was served on **FAIR WORK, P.C.** and **LAW OFFICE OF ALAN DAVID MEYERSON**, the attorneys of record for Plaintiffs by electronic service through eFileMA.

/s/ *Mark S. Bodner*
_____
Mark S. Bodner

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARAA FADEL, HAKIMA AITELHADJ, KARON COLEMAN, MATTHEW GREENE, and JOSEPH MCGUNIGLE on behalf of themselves and others similarly situated, | No. |
| Plaintiffs, | |
| v. | |
| G4S SECURE SOLUTIONS (USA) INC., UNIVERSAL PROTECTION SERVICES, LLC, and ALLIED UNIVERSAL SECURITY SERVICES, LLC, | |
| Defendant. | |

### DECLARATION OF DENISE MADDEN IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL

I, Denise Madden, testify as follows:

1.    My name is Denise Madden. I am over the age of eighteen (18) years and am competent to testify to the facts in this Declaration based upon my personal knowledge.

2.    I am currently employed by Allied Universal Security Services ("Allied Universal") as Regional Human Resources Manager.

3.    I began working for Allied Universal in August 2005.

4.    As Human Resources Manager, my duties and responsibilities include but are not limited to: investigating, responding to, and documentation of employee complaints, including potential legal issues; monitoring and assuring compliance in hiring practices, personnel documents, and other compliance items; training account managers and supervisors in employee relations, positive employment practices, and avoidance of legal issues; overseeing employee relations and claims; assuring compliance with programs regarding documentation of licensing, I-

9s, leaves of absences, vacations, personnel file maintenance, status changes, performance evaluations, and terminations.

5.      In my capacity as Regional Human Resources Manager, I am familiar with the services Allied Universal provides at the General Electric Company's headquarters in Boston, Massachusetts (the "Subject General Electric Site").

6.      I understand that on or around September 29, 2022, G4S and Allied Universal were served with a Summons, Complaint, and Civil Tracking Order for an action filed in the Superior Court of Massachusetts, County of Suffolk, captioned *Baraa Fadel, Hakima Aitelhadj, Karon Coleman, Matthew Greene, and Joseph McGunigle, on behalf of themselves and others similarly situated v. G4S Secure Solutions (USA) Inc., Universal Protection Services, LLC, and Allied Universal Security Services, LLC,* Civil Docket No. 2284-CV-02228 (the "Lawsuit"). The Summons, Complaint, and Civil Tracking Order are attached as **Exhibit A**.

7.      I understand that the Lawsuit arises out of employment services provided at the Subject General Electric Site.

8.      I understand that the Lawsuit was brought by five individuals on behalf of themselves (the "Plaintiffs"), and others similarly situated (the "Putative Class").

9.      Each of the Plaintiffs was a security officer at the Subject General Electric Site.

10.     There are currently approximately 32 security officers at the Subject General Electric Site.

11.     I understand that through the Lawsuit, Plaintiffs (and the Putative Class) are seeking restitution "going back to at least August 2, 2019[.]" **Ex. A, p. 9.**

12.    From September 2021[1] to present, Allied Universal has employed approximately 41 security officers at the Subject General Electric Site.

13.    Security officers at the Subject General Electric Site are currently paid at a wage rate at a minimum of $21.00 per hour.[2]

14.    Allied Universal currently schedules approximately 24 shifts per week at the Subject General Electric Site.

Dated: October 19, 2022

_____
Denise Madden

---

[1] Prior to this time, services at the Subject General Electric Site were provided by G4S Secure Solutions (USA), Inc ("G4S"). In April 2021, an Allied Universal parent company acquired the ultimate parent company of G4S and its subsidiaries, including G4S.

[2] Hourly wages range from $21.00 per hour to $28.00 per hour.

Date Filed 10/20/2022 2:48 PM
Superior Court - Suffolk
Docket Number 2284CV02228

VM

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

BARAA FADEL, HAKIMA AITELHADJ,
KARON COLEMAN, MATTHEW GREENE,
and JOSEPH MCGUNIGLE
on behalf of themselves and
others similarly situated,

No.

        Plaintiffs,

v.

G4S SECURE SOLUTIONS (USA) INC.,
UNIVERSAL PROTECTION SERVICES, LLC,
and ALLIED UNIVERSAL SECURITY
SERVICES, LLC,

        Defendant.

## DECLARATION OF MATTHEW LAMBACH IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL

I, Matthew Lambach, testify as follows:

1.      My name is Matthew Lambach. I am over the age of eighteen (18) years and am competent to testify to the facts in this Declaration based upon my personal knowledge.

2.      I am currently employed by Universal Protection Service, LLC, d/b/a Allied Universal Security Services ("Allied Universal") as Vice President, Transactions Counsel.

3.      I began working for Allied Universal in February 2019.

4.      As Vice President, Transactions Counsel, my duties and responsibilities include but are not limited to: providing legal guidance on transactional, regulatory, corporate governance, and other day-to-day legal matters; developing, formalizing, and improving internal processes for ensuring compliance with domestic and foreign laws and regulations; drafting, reviewing, negotiating, and interpreting agreements; performing other transactional, legal and regulatory duties.

5.      In my capacity as Vice President, I am aware of Allied Universal's corporate structure.

6.      Allied Universal is a security services provider.

7.       G4S Secure Solutions (USA) Inc. ("G4S"). is a security services provider

8.      In April 2021, an Allied Universal parent company acquired the ultimate parent company of G4S and its subsidiaries, including G4S.

9.      G4S is a corporation, registered in Florida, with its headquarters and principal place of business in Jupiter, Florida.

10.     G4S is not a citizen of the state of Massachusetts.

11.     Allied Universal is a limited liability company, formed in the state of Delaware, with its headquarters and principal place of business in Conshohocken, Pennsylvania.

12.     Allied Universal does not have any members in the state of Massachusetts.

13.     Allied Universal is not a citizen of the state of Massachusetts.

14.     I understand that on or around September 29, 2022, G4S and Allied Universal were served with a Summons, Complaint, and Civil Tracking Order for an action filed in the Superior Court of Massachusetts, County of Suffolk, captioned *Baraa Fadel, Hakima Aitelhadj, Karon Coleman, Matthew Greene, and Joseph McGunigle, on behalf of themselves and others similarly situated v. G4S Secure Solutions (USA) Inc., Universal Protection Services, LLC, and Allied Universal Security Services, LLC*, Civil Docket No. 2284-CV-02228. The Summons, Complaint, and Civil Tracking Order are attached as **Exhibit A**.

Dated: October 14 2022.

Matthew Lambach, Esq.

Date Filed 10/20/2022 2:43 PM
Superior Court - Suffolk
Docket Number 2284CV02228

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

BARAA FADEL, HAKIMA AITELHADJ, KARON COLEMAN, MATTHEW GREENE and JOSEPH MCGUNIGLE on behalf of themselves and others similarly situated

**(b)** County of Residence of First Listed Plaintiff    Suffolk, MA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Fair Work, P.C., 192 South Street, Suite 450, Boston, MA 02111; Tel: 617-607-3260
-and-
Law Office of Alan David Martinson, 100 State Street, Suite 1900, Boston, MA 02109;Tel: 617-444-9525

### DEFENDANTS

G4S SECURE SOLUTIONS (USA) INC., UNIVERSAL PROTECTION SERVICES, LLC, a nd ALLIED UNIVERSAL SECURITY SERVICES, LLC,

County of Residence of First Listed Defendant    Palm Beach County, FL
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Martenson, Hasbrouck & Simon LLP, 2573 Apple Valley Road NY, Atlanta, GA  30319; Tel:404-909-8100
-and-
Melick & Porter, One Liberty Square, Boston, MA 02109; Tel: 617-502-9614

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1    U.S. Government Plaintiff
- [ ] 2    U.S. Government Defendant
- [ ] 3    Federal Question *(U.S. Government Not a Party)*
- [x] 4    Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal | [ ] 376 Qui Tam (31 USC |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| [ ] 140 Negotiable Instrument | Liability | [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted | Liability | [ ] 368 Asbestos Personal | | [ ] 835 Patent - Abbreviated | [ ] 460 Deportation |
| Student Loans | [ ] 340 Marine | Injury Product | | New Drug Application | [ ] 470 Racketeer Influenced and |
| (Excludes Veterans) | [ ] 345 Marine Product | Liability | | [ ] 840 Trademark | Corrupt Organizations |
| [ ] 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | | [ ] 880 Defend Trade Secrets | [ ] 480 Consumer Credit |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | Act of 2016 | (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards | | [ ] 485 Telephone Consumer |
| [ ] 190 Other Contract | Product Liability | [ ] 380 Other Personal | Act | **SOCIAL SECURITY** | Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal | Property Damage | [ ] 720 Labor/Management | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | Injury | [ ] 385 Property Damage | Relations | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ |
| | [ ] 362 Personal Injury - | Product Liability | [ ] 740 Railway Labor Act | [ ] 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | [ ] 751 Family and Medical | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Leave Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [x] 790 Other Labor Litigation | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | [ ] 791 Employee Retirement | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate | Income Security Act | [ ] 870 Taxes (U.S. Plaintiff | Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ | Sentence | | or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party | [ ] 899 Administrative Procedure |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - | [ ] 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | [ ] 462 Naturalization Application | | Agency Decision |
| | [ ] 446 Amer. w/Disabilities - | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration | | [ ] 950 Constitutionality of |
| | Other | [ ] 550 Civil Rights | Actions | | State Statutes |
| | [ ] 448 Education | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332
Brief description of cause:
Claims for alleged unpaid wages under Massachusetts Law

## VII. REQUESTED IN COMPLAINT:

- [x] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND:    [x] Yes    [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE
10/  /2022

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

BARAA FADEL, HAKIMA AITELHADJ,
KARON COLEMAN, MATTHEW GREENE,
and JOSEPH MCGUNIGLE
on behalf of themselves and
others similarly situated,

                Plaintiffs,

v.

G4S SECURE SOLUTIONS (USA) INC.,
UNIVERSAL PROTECTION SERVICES, LLC,
and ALLIED UNIVERSAL SECURITY
SERVICES, LLC,

                Defendant.

No.

## DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT

Defendants G4S Secure Solutions (USA) Inc. ("G4S") and Universal Protection Service,

LLC d/b/a Allied Universal[1] ("Allied Universal") (collectively, "Defendants"), by and through

their undersigned counsel, file this Notice of Removal consistent with the provisions of 28 U.S.C.

§§ 1332, 1441, and 1446.

## I.    JURISDICTION AND VENUE

1.    Removal of this action is proper under 28 U.S.C. §§ 1332(a) and 1441(a), because

complete diversity of citizenship exists between the parties and the amount in controversy exceeds

$75,000, exclusive of interest and costs, as explained in detail below. 28 U.S.C. §§ 1332, 1441(a),

1446(b).

---

[1] Incorrectly named in the Complaint as separate entities Universal Protection Services, LLC and
Allied Universal Security Services, LLC.

2.      The Superior Court for Suffolk County of the Commonwealth of Massachusetts is located within the District of Massachusetts. *See* 28 U.S.C. § 101.'Therefore, venue is proper in this Court because it is the district "embracing the place where such action is pending." 28 U.S.C. § 1441(a)

## II.      STATE COURT ACTION

3.      On September 28, 2022, Plaintiffs Baraa Fadel ("Fadel"), Hakima Aitelhadj ("Aitelhadj"), Karon Coleman ("Coleman"), Matthew Greene ("Greene"), and Joseph McGunigle ("McGunigle") (collectively, "Plaintiffs") filed a Complaint against Defendants in the Superior Court of Massachusetts, County of Suffolk, captioned *Baraa Fadel, Hakima Aitelhadj, Karon Coleman, Matthew Greene, and Joseph McGunigle, on behalf of themselves and others similarly situated v. G4S Secure Solutions (USA) Inc., Universal Protection Services, LLC, and Allied Universal Security Services, LLC*, Civil Docket No. 2284-CV-02228 (the "State Court Action"). The Complaint is attached to the Declaration of Matthew Lambach ("Lambach Decl.") as **Exhibit A.**

4.      On September 29, 2022, the Summons, Complaint and Civil Tracking Order were served on G4S and Allied Universal's agent for service of process, Corporation Service Company, by process server. **Lambach Decl. ¶ 14.**

5.      The Complaint arises out of Plaintiffs' employment with Defendants. Defendants are security services providers and in April 2021, Allied Universal acquired G4S. **Lambach Decl., Ex. A.**

6.      Plaintiffs bring the Complaint on behalf of themselves, and they assert class allegations on behalf of all others who are similarly situated, pursuant to M.G.L. c. 149, §§ 148 and 150, M.G.L. c. 151, §§ 1B and 20, and Massachusetts Rule of Civil Procedure 23.

Date Filed 10/20/2022 2:48 PM
Superior Court - Suffolk
Docket Number 2284CV02228

7.      Plaintiffs assert the following claims: (1) unpaid wages, in violation of M.G.L. c. 149, § 148, pursuant to M.G.L. c. 149, §§ 150; and (2) failure to pay wages for overtime worked, in violation of M.G.L. c. 151, § 1A, pursuant to M.G.L. c. 151, § 1B.

8.      Plaintiffs seek unspecified compensatory damages and noneconomic damages, including, but not limited to restitution for Plaintiffs and all similarly situated employees, going back to at least August 2, 2019. Plaintiffs also allege that "there is no reasonable likelihood that the plaintiffs will recover an amount less than or equal to $50,000". **Lambach Decl., Ex. A., pp. 13-14 and ¶ 12.**

9.      There have been no other filings or proceedings in the State Court Action.

### III.    REMOVAL IS PROPER BASED ON DIVERSITY OF CITIZENSHIP

10.      For the reasons discussed below, this action is properly removable because the United States District Court has original jurisdiction in this case under 28 U.S.C. § 1332(a)(1), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and [the action] is between [] citizens of different States..."

### a.   Plaintiffs and Defendants are Citizens of Different States

11.      Under 28 U.S.C. § 1441(a), a defendant may remove an action to federal court when a plaintiff files suit in state court, but could have invoked the original jurisdiction of the federal court. 28 U.S.C. § 1441(a).

12.      To remove to this Court, Defendants must plausibly allege "a short a plain statement of the grounds for removal" and evidentiary submissions are not required. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014); 28 U.S.C. §1446(a)).

13.     At the time this action was filed and removed to this Court, Plaintiffs were, and remain citizens of Massachusetts. Specifically, Plaintiffs allege that: Fadel resides in Boston, Massachusetts; Aitelhadj resides in Brockton, Massachusetts; Coleman resides in Brockton Massachusetts; Greene resides in Boston, Massachusetts; and McGunigle resides in Quincy, Massachusetts. **Lambach Decl., Ex. A, ¶¶ 3-7.** Based on the Complaint, Plaintiffs are domiciled citizens of the state of Massachusetts.

14.     Plaintiffs allege that venue is proper in Suffolk County because Defendants "maintain a usual place of business in Suffolk County." **Lambach Decl., Ex. A, ¶ 13.**

15.     "[T]he citizenship of a limited liability company 'is determined by the citizenship of all of its members.'" *D.B. Zwirn Special Opp. Fund, L.P. v. Mehrotra*, 661 F.3d 124, 127 (1st Cir. 2011) (quoting *Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006)).

16.     Neither G4S nor Allied Universal are citizens of Massachusetts as neither entity is incorporated in Massachusetts, neither entity maintains a principal place of business in Massachusetts, and neither entity has any members in the Massachusetts. **Lambach Decl., ¶¶ 9-13.**

17.     G4S is a corporation, registered in Florida, with its headquarters and principal place of business in Jupiter, Florida. **Lambach Decl., ¶ 9.**

18.     Allied Universal is a corporation, registered in Pennsylvania, with its headquarters and principal place of business in Conshohocken, Pennsylvania. **Lambach Decl., ¶ 11.**

19.     The United States Supreme Court held the principal place of business is the "nerve center" where the company's high-level officers direct, control and coordinate the company's activities. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1184 (2010).

20.      G4S' high-level officers that direct, control, and coordinate its activities are located in Jupiter, Florida. **Lambach Decl., ¶ 9.** For purposes of diversity of citizenship, G4S is a citizen of Florida.

21.      Allied Universal's high-level officers that direct, control, and coordinate its activities are located in Conshohocken, Pennsylvania. **Lambach Decl., ¶ 11.** For purposes of diversity of citizenship, Allied Universal is a citizen of Pennsylvania.

22.      Since Plaintiffs are citizens of Massachusetts, G4S is a citizen of Florida, and Allied Universal is a citizen of Pennsylvania, there is complete diversity of citizenship between Plaintiffs and Defendants and removal of this action is proper under 28 U.S.C. § 1332(a)(1).

**b.   The Amount in Controversy Exceeds the $75,000 Jurisdictional Threshold**

23.      Pursuant to 28 U.S.C. § 1446(a), a defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and need not contain evidentiary submissions. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also Amoche v. Guar. Trust Life Ins. Co.*, 556 F.3d 41, 49–50 (1st Cir. 2009) (requiring a "reasonable probability" that the amount in controversy meets the jurisdictional minimum).

24.      This is an action to recover damages for alleged violations of M.G.L. c. 149, § 150 M.G.L. c. 151, § 1A. Plaintiffs, who worked as security guards for Defendants, allege that Defendants do not pay their security officers for all hours worked. The Civil Action Cover Sheet fails to set forth how much money Plaintiffs are seeking in damages. **Lambach Decl., Ex. A, p. 3 of 16.**

25.      In the Complaint, Plaintiffs allege that they seek: (i) certification of a class of similarly situated individuals; (ii) restitution for unpaid wages that are due to the named Plaintiffs

and all similarly situated employees, going back to at least August 2, 2019; (iii) restitution for all hours worked in excess of 40 hours per week; (iv) restitution for all other unpaid and/or untimely paid wages and other benefits; (v) other damages incurred; (vi) statutory trebling; (vii) interest; (viii) attorneys' fees and costs; (viii) pre- and post-judgment interest; and (ix) all other relief to which Plaintiffs and the putative class members may be entitled.  Plaintiffs also allege that "there is no reasonable likelihood that the plaintiffs will recover an amount less than or equal to $50,000." **Lambach Decl., Ex. A pp. 13-14; and Lambach Decl., Ex. A, ¶ 12.**

26.     Although Defendants believe that Plaintiffs' claims have no merit and Defendants reserve their rights to contest both the merits of Plaintiffs' claims and their alleged methodology for calculating their damages, based on Defendants' expectation of Plaintiffs' assertion of damages using the amount in controversy is in excess of $75,000.

27.     As alleged in the Complaint, "Defendants… do not pay [their employees who work at the General Electric Headquarters (the "Subject General Electric Site")] for all hours worked." **Lambach Decl., Ex. A, ¶ 17.**

28.     Plaintiffs allege, "Defendants…have a policy and practice of requiring officers to report at least approximately ten minutes before the start of their shift and to work during this time, but Defendants do not compensate the officers for this time." **Lambach Decl., Ex. A, ¶ 18.**

29.     Plaintiffs further allege, "Defendants…have had a practice of requiring certain officers to participate in telephone conferences of up to approximately one hour to update higher management on personnel issues and other matters, but Defendants do not compensate for those officers for this time" **Lambach Decl., Ex. A, ¶ 20.**

30.     Plaintiffs also claim that "Defendants…have also had a practice of requiring and/or permitting officers to arrive early, and/or to stay late after each shift and perform work [and] to

perform additional off-the-clock work such as responding to emails, but Defendant[s] do[] not compensate the officers for this time." **Lambach Decl., Ex. A, ¶ 21.**

31.    As per the Complaint, the subject timeframe is August 2, 2019 to present. **Lambach Decl., Ex. A, pp. 13-14.**

32.    At this juncture there are five named plaintiffs and Plaintiffs intend on representing a purported class in excess of one hundred employees.

33.    For example, there are currently 32 security officers working at the Subject General Electric Site, working across 24 scheduled shifts per week. Each officer works approximately five shifts per week. *See* Declaration of Darlene Madden (Madden Decl.) at ¶ 12.[2]

34.    Security officers at the Subject General Electric Site are currently paid at a wage rate at a minimum of $21.00 per hour. **Madden Decl., ¶ 13.**[3]

35.    Assuming the validity of Plaintiffs' allegation that "Defendants…have a policy and practice of requiring officers to report at least approximately ten minutes before the start of their shift and to work during this time, but Defendants do not compensate the officers for this time[]", Allied Universal's potential exposure of damages for this time alone would be **no less than $262,080.**[4]

---

[2] Prior to this time, services at the Subject General Electric Site were provided by G4S Secure Solutions (USA), Inc ("G4S"). In April 2021, an Allied Universal parent company acquired the ultimate parent company of G4S and its subsidiaries, including G4S. *See* Madden Decl., fn. 1. Defendants are in the process of determining exactly how many officers worked at the Subject General Electric Site during the statutory period.

[3] Hourly wages at the Subject General Electric Site range from $21.00 per hour to $28.00 per hour. *See* Madden Decl., fn. 2. In addition, the Site Supervisor is currently compensated at a rate of $28.85 per hour.

[4] Defendants note that this figure was obtained using a conservative approach as Defendants calculations considered the lowest hourly wage rate of $21.00.

36.     Defendants arrived at the figure of $268,800 through the following calculation

(32 *5= 160; 160 *3.5 = 560; 560 * 156 = 87,360; 87,360 * 3 = 262,080):

- **32 x 5 = 160:**      **32 officers** multiplied by **five shifts** equals **160 minutes of unpaid time.**

- **160 x 3.5 = 560:**     **160 minutes of unpaid time** multiplied **by 3.5 dollars per shift** (ten minutes; one-sixth of the lowest hourly wage rate ($21.00 per hour)) equals **560 dollars per week.**

- **560 x 156 = 87,360: 560 dollars per week** multiplied by **156 (statutory period under the Massachusetts Law)** equals **$87,360.**

- **87,360 x 3 = $262,080:**     Pursuant to M.G.L. c. 149, § 150, a plaintiff who prevails in an action like this "shall be awarded treble damages." As such, Plaintiffs would be automatically entitled to a tripling of their damages if they prevail in the action. Here, that figure would be no less than $262,080 (87,360 multiplied by 3).

37.     Through a potential recovery for unpaid wages alone, Defendants have easily satisfied the jurisdictional requirement that the amount in controversy is in excess of $75,000.

38.     In fact, through the trebling of Plaintiffs' potential recovery for unpaid wages, Defendants have plausibly alleged that Plaintiffs would be entitled to nearly four times the jurisdictional requirement.

39.     Furthermore, under M.G.L. c. 149, § 150, an award of reasonable attorneys' fees and costs is a mandatory form of relief for a plaintiff who prevails in a wage action like this. *See Killeen v. Westban Hotel Venture, LP.*, 69 Mass. App. Ct. 784, 789–90 (2007) (noting mandatory nature of award of attorneys' fees in cases involving the Wage Act). Federal courts consider future mandatory fee awards when examining the amount in controversy for diversity jurisdiction. *See Spielman v. Genzyme Corp.*, 251 F.3d 1, 7 (1st Cir. 2001) (allowing for inclusion of attorneys' fees in determining amount in controversy "when a statute mandates or allows payment of the fees"); *Dep't of Recreation & Sports of Puerto Rico v. World Boxing Assoc.*, 942 F.2d 84, 89–90

(1st Cir. 1991) (holding same; allowing for estimate of future fees, to the extent reasonable, to be included in amount in controversy); *Youtsey v. Avibank Mfg., Inc.*, 734 F. Supp. 2d 230, 238 (D. Mass. 2010) (noting parties' agreement that "potential attorney's fees, which would be mandated by [Massachusetts Wage Act], should be added to the calculation" for the amount in controversy); *Raymond v. Lane Const. Corp.*, 527 F. Supp. 2d 156, 159–61, 164 (D. Me. 2007) (rejecting argument that *Spielman* decided whether future fees should be included in assessing the jurisdictional threshold; concluding reasonable future attorneys' fees were properly considered in determining whether jurisdictional threshold was satisfied even when employment statute at issue only allowed court to award attorneys' fees in its discretion).

40.     Here, while Defendants contend that Plaintiffs' claims have no merit and, as such, Defendants intend to vigorously defend this action (whether in arbitration or court) through trial and beyond, if necessary, particularly given the potential for class action liability or future plaintiffs asserting similar types of claims. Defendants and Defendants' counsel's experience in fully litigated cases like this is that an individual plaintiff asserting a wage or related employment claim usually seeks over $100,000 in fees. Thus, it is likely that each of the Plaintiff's reasonable attorneys' fees (even without aggregating them for the possible class) in this case will be considerable, and certainly more than the $50,000 or $75,000 necessary to satisfy the jurisdictional threshold. Indeed, courts have routinely awarded attorneys' fees in excess of $50,000 or $75,000 to prevailing plaintiffs in employment related litigation such as this. *See, e.g., Marcotte et al. v. Garelick Farms, LLC*, C.A. No. 11-01136 (Norfolk County, 2014) (two plaintiff wage claim resulting in award of $97,560 in attorneys' fees); *Ansel v. Hyman Companies*, C.A. No. 05-01534 (Suffolk County, 2012) (wage and retaliation claim by single plaintiff resulting in award of $179,039 in attorneys' fees; *Estes v. Pineland Farms, Inc.*, 28 Nat. J.V.R.A. 5:30, 2012 WL

8467264 (D. Me. Jan. 25, 2012) (unpaid wage and overtime claims resulting in award of $79,824 in attorney's fees).

41.    Thus, a typical award of attorneys' fees would cause each Plaintiff to satisfy the amount in controversy requirement. Additionally, using Defendants' own anticipated attorneys' fees as a benchmark, Defendants expect to incur over $100,000 in fees through trial, further supporting the amount each Plaintiff is likely to seek.

42.    Accordingly, it is all but certain that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## A. DEFENDANTS HAVE SATISFIED ALL REQUIREMENTS FOR REMOVAL UNDER 28 U.S.C. SECTION 1446

43.    In circumstances like this, removal is proper. *See Sullivan v. Sleepy's LLC*, No. 1:17-cv-12009-RGS (D. Mass. 2017) at ECF Dkt. No. 39 (in Massachusetts Wage Act class action, holding, "[t]he court is satisfied that the defendants have adequately demonstrated in good faith that the amount in controversy, at least as to plaintiff Bryant, exceeds the $75,000 threshold required for diversity jurisdiction, particularly because the statutory framework at issue authorizes treble damages and attorney's fees.").

44.    Defendants timely filed this Notice of Removal within thirty days of service of the Complaint. 28 U.S.C. §1446(b); Fed. R. Civ. P. 6(a). Defendants were served with the Complaint on September 29, 2022, therefore, the deadline to file this Notice of Removal is October 31, 2022.[5]

45.    To date, Defendants have not filed any responsive pleadings in the State Court Action, and no substantive proceedings have transpired in that action.

---

[5] Thirty days after September 29, 2022 is Saturday, October 29. Pursuant to Fed. R. Civ. P. 6(a)(1)(C), where a deadline falls on a Saturday, Sunday or legal holiday, the period continues to run until the next business day. October 31, 2022 is the next business day following October 29, 2022.

46.     Pursuant to 28 U.S.C. § 1446(d), a notice to the state court of removal, along with a copy of this Notice will be filed with the Massachusetts Superior Court, Suffolk County. Additionally, a copy of the notice to the state court and a copy of this Notice will also be served upon Plaintiffs' counsel.

47.     Pursuant to Local Rule 81.1, Defendants will file with the Court certified or attested copies of all records, proceedings, and docket entries in the state court within twenty-eight (28) days after filing this Notice of Removal.

48.     By removing this matter, Defendants do not waive, or intend to waive, any defense or affirmative matter, including but not limited to defenses of class action waiver and mandatory arbitration required by Plaintiffs' employment agreements.

49.     If any question arises as to the propriety of the removal of this action, including but not limited to the filing of a motion to remand by Plaintiffs, Defendants request the opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly removable.

50.     For all the foregoing reasons, the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. This action originally could have been brought in this District. This action, therefore, is removable from the Massachusetts Superior Court, Suffolk County, to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1441.

**WHEREFORE**, Defendants hereby give notices that this action is removed from the Massachusetts Superior Court, Suffolk County, to the United States District Court for the District of Massachusetts.

Dated: October 19, 2022

Respectfully submitted,

*/s/ Mark S. Bodner*

**MELICK & PORTER, LLP**
Mark S. Bodner
One Liberty Square
Boston, MA 02109
mbodner@melicklaw.com
617-525-6200

-and-

**MARTENSON, HASBROUCK & SIMON LLP**

Robin E. Largent
*Pro Hac Vice Forthcoming*
455 Capitol Mall
Suite 400
Sacramento, California 95814
916-970-1430

Kelly Eisenlohr-Moul
*Pro Hac Vice Forthcoming*
2573 Apple Valley Road NE
Atlanta, Georgia 30319
keisenlohr-moul@martensonlaw.com
231-301-1249

Devin S. Cohen
*Pro Hac Vice Forthcoming*
40 Exchange Place, Suite 1502
New York, NY 10005
dcohen@martensonlaw.com
332-345-2471

*Counsel for Defendants G4S Secure Solutions (USA) Inc. and Universal Protection Service, LLC d/b/a Allied Universal*

## CERTIFICATE OF SERVICE

I certify that on October 19, 2022, a true copy of the above document was served on **FAIR WORK, P.C.** and **LAW OFFICE OF ALAN DAVID MEYERSON**, the attorneys of record for Plaintiffs via this Court's CM/ECF system.

/s/ Mark S. Bodner

Mark S. Bodner