UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARAA FADEL, HAKIMA AITELHADJ, KARON COLEMAN, MATTHEW GREENE, and JOSEPH MCGUNIGLE, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>G4S SECURE SOLUTIONS (USA), INC., UNIVERSAL PROTECTION SERVICES, LLC, and ALLIED UNIVERSAL SECURITY SERVICES, LLC,<br><br>Defendants. | Civil Action No. 1:22-cv-11827-FDS |

~~[PROPOSED]~~ ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT

This matter was heard on September 28, 2023, following Plaintiffs' Assented-to Motion for Final Approval of Class Action Settlement (the "Motion for Final Approval"). Following hearing on the Motion for Final Approval, and the Court having considered all papers filed and proceedings had herein, and having reviewed the record in the above captioned matter,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. This Court has jurisdiction over the subject matter of this proceeding and all parties in this proceeding, including all members of the Class.

2. This Court finds that the notice process provided to Class Members, as set forth in the Settlement Agreement and Release ("Settlement") and executed by Plaintiffs' counsel, was the best notice practicable and fully satisfied the requirements of the Federal Rules of Civil Procedure, due process, and any other applicable laws.

3. The Court finds that the settlement memorialized in the Settlement is fair, reasonable and adequate under Fed. R. Civ. P. 23 and meets all requirements for final approval. The Court hereby finally and unconditionally approves and gives effect to the Settlement in its entirety. The Court finds that the terms and provisions of the Settlement have been entered into in good faith and are in the best interest of the Class and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the Rules of the Court, due process, and any other applicable law.

4. Settlement funds, totaling two hundred thousand dollars ($200,000), shall be distributed in accordance with the Settlement. More specifically:

a. The five named plaintiffs, Baraa Fadel, Hakima Aitelhadj, KaRon Coleman, Matthew Greene, and Joseph McGunigle, shall receive incentive payments. Plaintiff Fadel shall receive an incentive payment of twelve thousand, five hundred dollars ($12,500) and Plaintiffs Aitelhadj, Coleman, Greene, and McGunigle shall receive incentive payments of three thousand dollars ($3,000) each, for a total of thirty thousand dollars ($24,500);

b. Fair Work, P.C. and the Law Office of Alan David Meyerson shall receive payment for attorneys' fees in the amount of sixty-six thousand dollars ($66,000);

c. Fair Work, P.C., the Law Office of Alan David Meyerson, and Optime Administration LLC shall receive payment for costs not to exceed five thousand dollars ($5,000);

d. A reserve fund of $1,000 shall be established to resolve disputes and other administrative issues;

e. The remaining settlement funds, totaling a minimum of one hundred-one thousand dollars ($103,500), shall be distributed to the Class, in accordance with the Settlement; and

f. In accordance with the Settlement, unclaimed settlement funds shall revert to a *cy pres* fund for the benefit of the Employment Unit of Greater Boston Legal Services.

This Court finds the distributions for incentive payments and attorneys' fees and costs to be appropriate because the Settlement provides substantial benefits for the Class, the requested incentive awards and attorneys' fees and costs are within the range of reasonable awards for similar class action settlements, and because the Settlement was negotiated at arms' length and without collusion, following extensive litigation.

5. Pursuant to Fed. R. Civ. P. 23(c)(2)(B)(v) and (c)(3)(B), because no member of the Class submitted a timely request for exclusion from the settlement, all members of the Class shall be bound by the Settlement and this Order.

6. Without affecting the finality of this Order, the Court retains jurisdiction over this action and the parties to administer, supervise, interpret, and enforce the Settlement and this Order.

7. This case and all released claims are otherwise dismissed on the merits, with prejudice, and with each party to bear its own costs, except as otherwise set forth in this Order.

IT IS SO ORDERED.

ENTERED this 28th day of September, 2023.

The Honorable F. Dennis Saylor IV
Chief United States District Judge